IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KEVIN DEON MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No: 1:16cv937-MHT-WC |
| | ) |
| CITY OF DOTHAN POLICE DEPARTMENT, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On December 2, 2016, Plaintiff, proceeding pro se, filed his original Complaint (Doc. 1), in which he appeared to allege claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, for unlawful discrimination and retaliation in employment against Defendant. Thereafter, Defendant filed a Motion to Dismiss (Doc. 7) Plaintiff's Complaint for failure to state any claim upon which relief could be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On January 12, 2017, the undersigned entered an Order (Doc. 8) directing Plaintiff to file either an amended complaint pursuant to Rule 15(a)(1)(B) of the Federal Rules or a response in opposition to Defendant's Motion to Dismiss. On February 2, 2017, Plaintiff, now represented by counsel, filed his Amended Complaint (Doc. 10). On February 16, 2017, Defendant filed an Answer (Doc. 11), and the parties have now commenced discovery.

"Normally, an amended complaint supersedes the original complaint." *Pacific Bell Tel. Co. v. Linkline Comm.*, Inc., 555 U.S. 438, 456 n.4 (2009). Because there is no dispute

concerning Plaintiff's right to file an amended complaint as he did in this case, *see* Fed. R. Civ. P. 15(a)(1)(B), Plaintiff's original Complaint is superseded by the Amended Complaint. Hence, Defendant's Motion to Dismiss the original Complaint is rendered moot and is due to be denied on that basis. Accordingly, the undersigned Magistrate Judge hereby

RECOMMENDS that Defendant's Motion to Dismiss (Doc. 7) be DENIED as moot. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **September 20, 2017**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*). The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Done this 6th day of September, 2017.

                                          /s/ Wallace Capel, Jr.
                                        CHIEF UNITED STATES MAGISTRATE JUDGE